# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2788

_____

United States of America,

       Plaintiff - Appellee,

v.

Soledad Ybarra, also known as
Chole,

       Defendant - Appellant.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of North Dakota.
\*
\*    [UNPUBLISHED]
\*
\*

_____

Submitted: March 13, 2008
Filed: May 6, 2008

_____

Before WOLLMAN, HANSEN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

     In a second superceding indictment, Soledad Ybarra was charged with three counts: conspiracy to possess with intent to distribute and conspiracy to distribute methamphetamine, cocaine, and marijuana in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1); money laundering and conspiracy to conceal and disguise the nature, location, ownership, and control of proceeds of an unlawful activity in violation of 18 U.S.C. § 1956(h); and conspiracy to unlawfully use communication facilities in violation of 21 U.S.C. §§ 843(b), 843(d), and 846. Ybarra pled guilty to the second

and third counts, and the government dismissed the first count. The district court[1] sentenced Ybarra to 114 months of imprisonment on count two and a concurrent 48 months on count three. Ybarra appeals, arguing that the district court erred by sentencing her as a member of the drug conspiracy, erred in calculating her base offense level, and erred by denying her a minor role or minimal participant reduction.

We find Ybarra's arguments to be without merit. The laundered funds came from the proceeds of the drug conspiracy, and the district court did not err in computing Ybarra's laundering sentence based upon her membership in the drug conspiracy. See U.S.S.G. § 2S1.1(a)(1) (stating the base offense level for money laundering is the offense level for the underlying offense if the defendant committed the underlying offense and the offense level for that offense can be determined). There was more than sufficient evidence that Ybarra was a member of the drug conspiracy and was accountable for the amount of drugs that the district court determined. The district court did not clearly err in denying her a mitigating role reduction as the district court determined she lacked credibility in denying involvement in the drug conspiracy and money laundering.

We affirm the sentence imposed by the district court in accordance with Eighth Circuit Rule of Appellate Procedure 47B.

_____

[1]The Honorable Ralph R. Erickson, United States District Judge for the District of North Dakota.